SPARKS *vs.* ETHEREDGE, surviving partner.

BLECKLEY, C. J.—The evidence warranted the verdict, and the court did not err in refusing to grant a new trial.
Judgment affirmed.

February 18, 1889.

Evidence. Verdict. New trial. Before Judge SMITH. Harris superior court. April term, 1888.

On a judgment obtained October 13th, 1884, for $2,132.49 principal, with interest, attorney's fees, etc. in favor of Barnes & Sparks *vs.* T. N. Sparks, an execution issued. · This execution and judgment, on December 11th, 1884, were transferred to B. T. Hatcher, and on December 28th, 1885, Hatcher transferred them to Slade & Etheredge. On January 11th, 1887, the execution was levied on certain property of defendant. He interposed, by affidavit of illegality, the defence that, before the transfer to Hatcher, he had delivered to the plaintiffs in *fi. fa.* cotton of sufficient value to pay the execution, with instruction to sell the cotton and apply the proceeds to said execution. Also that, while Hatcher owned the *fi. fa.*, he paid Hatcher $400.00 on it. Also that, after Slade & Etheredge became its owners, he shipped to them $1,646.66 in cotton of that net value, with instruction to apply it to what might be due on the *fi. fa.* Hence he says the *fi. fa.* has been fully discharged. Also that Slade & Etheredge agreed to advance the money to take up or pay off the *fi. fa.* or whatever might be due on it, and the amount advanced was to be repaid by defendant shipping cotton to them, etc. Wherefore he says said taking up was a payment of the *fi. fa.* and judgment.

Plaintiff traversed the truth of the grounds of illegality, and Slade being dead, the cause proceeded in

the name of Etheredge, surviving partner. Upon the trial, defendant introduced cotton receipts given to him and his tenants, apparently for fifty bales of the crop of 1886, by Slade & Etheredge.

Defendant testified as follows: Barnes & Sparks were a firm composed of A. S. Barnes and defendant's son, W. P. Sparks. The firm has dissolved, and said son has left the country. Defendant sent the firm fifty bales of cotton, before they transferred the execution, and instructed them to apply it to the execution. The instructions were given to his son, who was his agent to transact his business for him. If said son shipped the fifty bales to Slade & Etheredge, he did it contrary to orders. One of the firm of Barnes & Sparks (which one witness did not state) afterwards told him there was $400.00 left due on the execution. After the transfer to Hatcher, witness told him he thought the execution had been paid; had money, but owed Slade & Etheredge and others and could not pay all. Agreed to pay Hatcher $400.00, and $600.00 more if I could get it. Couldn't get it. Did not admit that the execution was all right after the levy; and did not authorize Walton to negotiate for its transfer to Slade & Etheredge. This execution was the only one in the hands of Slade & Etheredge against witness at the time of conversation between witness and Slade, testified about by Wm. Payne. Witness was indebted to Slade & Etheredge an account for 1884 and in 1885; but as to how much and what payments he made, his testimony is indefinite.

Wm. Payne, for defendant, testified: Some time in 1886 heard defendant tell Slade he wanted balance of crop of 1886 to go on that old execution. Did not say what execution, or what was the balance due.

The evidence for the plaintiff tended to show that defendant had never paid but $400.00 on the execution,

which was paid to Hatcher and entered as a credit on the execution itself; that up to and after the time of the levy, he acknowledged that the execution was outstanding against him; that being pressed by Hatcher, he procured Slade & Etheredge, through Walton, to have the execution transferred to them that he might gain more time; that the cotton he claimed to have turned over to Barnes & Sparks was shipped by Sparks, of that firm, to Slade & Etheredge and applied to the existing indebtedness to Slade & Etheredge of the defendant; that defendant owed Slade & Etheredge a balance in 1886, independently of the execution in question, that he contracted additional indebtedness to them in 1886, and shipped the cotton of 1886 to them under an agreement that its proceeds were to be applied first to said indebtedness of 1886 and the balance to the other indebtedness, exclusive of the execution; that Slade & Etheredge only received forty bales of the cotton of 1886, duplicate receipts having been given for some of the bales; that after applying all payments made by defendant to Slade & Etheredge, he was considerably indebted to them, over and above the execution in question, etc.

A. S. Barnes testified: Was a member of the firm of Barnes & Sparks in 1884, and does not remember that defendant delivered a single bale to the firm that year. Defendant usually sent his cotton to W. P. Sparks to look after; he was shipping his cotton.

The jury found the execution "open and in full force." The defendant moved for a new trial, on the grounds that verdict was contrary to law and evidence. The motion was overruled, and he excepted.

THORNTON & CAMERON, for plaintiff in error.

GOETCHIUS & CHAPPELL and B. H. WALTON, *contra.*