S. H. GOVE, *Appellant,* v. THE NAUTILUS HOTEL COMPANY, A CORPORATION, *et al., Appellees.*

Opinion Filed December 22, 1914.

1.  If a final decree is not so joint as to require all the defendants to join in an appeal therefrom, those entering a separate appeal can not complain of errors only prejudicial to others who refuse to join in the appeal.

2.  While the findings and conclusions of a chancellor, where the testimony is not taken before him, but before a master or examiner, by reason whereof he is not afforded an opportunity of seeing and hearing the witnesses, are not entitled

to the same weight as the verdict of a jury, yet even in that case they should not be disturbed by an appellate court, unless they are clearly shown to be erroneous.

3. In equity, as well as at law, every presumption is in favor of the correctness of the rulings of the trial judge, and a final decree rendered by him, based largely or solely upon questions of fact, will not be reversed unless the evidence clearly shows that it was erroneous.

Appeal from the Circuit Court for Volusia County; Jas. W. Perkins, Judge.

Decree affirmed.

*Stewart & Bly* and *Tom B. Stewart,* for Appellant;

*Landis & Fish,* for Appellees.

SHACKLEFORD, C. J.—On the 12th day of May, 1911, S. H. Gove filed his bill in chancery against the Nautilus Hotel Company, a Corporation, and other defendants, for the enforcement of a lien against certain described property of the Nautilus Hotel Company for the sum of $8,227.33, the balance remaining due and unpaid the complainant for labor performed and material furnished in the construction of a hotel building for such defendant. The Nautilus Hotel Company filed its answer, in which it denied practically all the material allegations in the bill, and averred that the compaiant had no lien whatever upon the property described, by virtue of the fact that he had been fully paid for all his labor, as well as for all the material which he had furnished and supplied and also by virtue of the fact that, even if he had any claim for a balance remaining unpaid to him for such labor and material he was estopped from asserting and enforcing it by

reason of certain conduct and acts upon his part, all of which the answer sets out in detail. Answers were also filed by the other defendants, and T. F. Williams as trustee for the bondholders of the Nautilus Hotel Company, one of the defendants to the original bill, filed a cross-bill against the complainant and the other defendants. Replications were filed both to the several answers to the original bill and to the answers to the cross-bill and a special examiner was appointed to take such testimony as might be adduced by the parties litigant upon the issues as framed, before whom a large amount of testimony was taken. On the 10th day of January, 1914, the cause came on for a final hearing upon the pleadings and the evidence taken before the special examiner and a final decree was rendered, wherein it was ordered, adjudged and decreed, among other things, that the complainant had no claim whatsoever against the Nautilus Hotel Company and his bill was dismissed. From this decree S. H. Gove has entered his appeal and assigned fifteen errors.

The transcript of the record covers nearly 1500 typewritten pages, voluminous briefs have been filed and we have also had the benefit of elaborate oral arguments by the counsel for the respective parties, all of which have been considered by us. We do not copy any of the pleadings or the final decree or set forth a summary of the evidence, as we see no useful purpose to be accomplished by so doing. Neither shall we discuss the several errors assigned. Even if errors were committed either during the progress of the case or in the final decree, unless such errors were prejudicial or harmful to the appellant, he cannot be heard to complain of them. As we held in Clarkson v. Louderback, Gilbert & Co., 36 Fla. 660, 19 South. Rep. 887; if a final decree is not so joint as to require all the defendants to join in an appeal therefrom,

those entering a separate appeal cannot complain of errors only prejudicial to others who refuse to join in the appeal. As Gove alone has appealed, if we should find that no error was committed in dismissing his bill for the reason that he had no lien, then it would become unnecessary to consider any of the other assignments, since the determination that he had no lien to enforce ends the matter so far as he is concerned. To the consideration of that point we now direct our attention. As we have frequently held, while the findings and conclusions of a chancellor, where the testimony is not taken before him, but before a master or examiner, by reason whereof he is not afforded an opportunity of seeing and hearing the witnesses, are not entitled to the same weight as the verdict of a jury, yet even in that case they should not be disturbed by an appellate court, unless they are clearly shown to be erroneous.

In equity, as well as at law, every presumption is in favor of the correctness of the rulings of the trial judge, and a final decree rendered by him, based largely or solely upon questions of fact, will not be reversed unless the evidence clearly shows that it was erroneous. See Barnes & Jessup Co. v. Putnam, 64 Fla. 190, 60 South. Rep. 787. While there are conflicts in the evidence upon material points, we are of the opinion that the Circuit Court was warranted from the evidence adduced in reaching the conclusion and finding that the complainant had no lien to enforce, either upon the ground that he had been paid all amounts to which he was entitled or on the ground that he was estopped by his conduct, which it is not necessary to particularize, from enforcing any claim which he might otherwise have had. This being true, it necessarily follows that the complainant's bill was properly dismissed, therefore the decree must be affirmed.

TAYLOR, COCKRELL, HOCKER AND WHITFIELD, J. J., concur.