MRS. BERTER MORRIS, JOINED BY HER HUSBAND, J. R. MORRIS, *Appellants*, v. MCCASKILL INVESTMENT COMPANY, A CORPORATION, *Appellee*.

En Banc.

Opinion Filed April 15, 1927.

1. When, in this State, real estate is occupied adversely under a claim of title founded upon a written instrument, for a

full period of seven years, such occupancy meeting the requirements of adverse possession, the possession ripens into a perfect title in the holder and when so acquired it continues until conveyed by the possessor (or under legal sale) or is lost by another adverse possession.

2. A deed conveying lands which are at the time of the execution of such deed held adversely by a person not a party to the deed is void as to such person.

Petition for rehearing denied.

*Purl G. Adams,* for Petitioner.

Decision filed December 10, 1926.

An Appeal from the Circuit Court for Walton County; A. G. Campbell, Judge.

*Purl G. Adams,* for Appellants;

No appearance for Appellee.

PER CURIAM.—This cause having heretofore been submitted to the Court upon the transcript of the record of the decree herein, and briefs and argument of counsel for the respective parties, and the record having been seen and inspected, and the Court being now advised of its judgment to be given in the premises, it seems to the Court that there is no error in the said decree; it is, therefore, considered, ordered and adjudged by the Court that the said decree of the Circuit Court be, and the same is hereby affirmed.

WHITFIELD, P. J., AND TERRELL AND BUFORD, J. J., concur.

KOONCE, C. J.—On November 20th, 1923, the appellant, Mrs. Berter Morris, joined by her husband, J. R. Morris, filed her bill of complaint in the Circuit Court of Walton County, alleging that she was the owner in fee simple of certain described real estate in Walton County, deraigning her title by deed from Samuel M. Hutto and wife, Sophia Hutto, dated the 29th day of October, 1923, and United States Patent to Samuel M. Hutto, dated the 19th day of September, 1898, said Patent being recorded December 1st, 1908. The bill further alleges that at the time of filing the bill of complaint "the land is now and has been for a long time past, some twenty years or more, wild, unimproved, unoccupied, uninclosed and vacant." That the defendant claims some interest in the land which is a cloud upon the title of complainant and which is evidenced by a deed of conveyance from Sophia Hutto (not joined by her husband) to J. J. McCaskill Company, a corporation, dated and recorded December 1st, 1908, and a deed from the J. J. McCaskill Company, corporation, to the defendant, dated and recorded October 31, 1921.

The defendant filed answer in which was incorporated a general demurrer to the bill, and which answer denied the title of the complainant and claiming title in itself by reason of seven years adverse possession of the land, claiming under a written instrument, to-wit, the deed from Mrs. Sophia Hutto mentioned in the complainant's bill.

Republication was filed to the answer and testimony was taken before Special Master and upon the same being submitted to the Circuit Judge final decree was entered dismissing the bill of complaint. From the said final decree complainant appeals to this Court.

The sole question presented by the appeal is the sufficiency of the evidence to support the claim of the defendant of title by adverse possession.

When, in this State, real estate is occupied adversely, under a claim of title founded upon a written instrument for a full period of seven years, such occupancy meeting the requirements of adverse possession, such possession ripens into a perfect title in the holder and when so acquired it continues until conveyed by the possessor (or under legal sale) or is lost by another adverse possession.

A deed conveying lands which are at the time of the execution of such deed, held adversely by a person not a party to the deed is void as to such person. Vide, Coogler, v. Rogers, 25 Fla. 853, 7 South. Rep. 391.

In the final decree in this case the chancellor did not state upon what reasoning he reached his conclusions; it may have been upon either of the propositions above announced. In either case the conclusions have support in the evidence.

"In equity, as well as in law, every presumption is in favor of the correctness of the rulings of the trial judge, and a final decree rendered by him, based largely or solely upon questions of fact, will not be reversed unless the evidence clearly shows it was erroneous." Gove v. Nautilus Hotel Co. 68 Fla. 490, 67 South. Rep. 112; Terra Ceia Estates v. Taylor, 68 Fla. 261, 67 South. Rep. 169.

And again in the same cases it was also stated by this Court: "While the findings and conclusions of a chancellor, where the testimony is not taken before him, but before a master or examiner, by reason whereof he is not afforded an opportunity of seeing and hearing the witnesses, are not entitled to the same weight as the verdict of a jury, yet even in that case they should not be disturbed by an appellate court, unless they are clearly shown to be erroneous."

Also in the case of Wainright v. Connecticut Fire Ins. Co., 73 Fla. 130, 74 South. Rep. 8, the same proposition is

expressed in this language: "In equity as well as law, every presumption is in favor of the correctness of the rulings of the trial judge, and it is the duty of a party resorting to an appellate court to make the errors complained of clearly to appear, if they in truth exist."

Applying this rule, it is not necessary to go into an extended discussion of the testimony, nor to make a complete analysis or review of the evidence since it could serve no useful purpose, no new principle of law being involved, and no unusual question being presented for determination.

It is averred in the answer filed in this cause, such answer being under oath, that the defendant and its immediate predecessor in title had been in the notorious, exclusive, actual possession of the property involved in this suit for more than twenty years before the suit was commenced, founding the claim of title upon a written instrument set out in the complainant's bill, to-wit, a deed of conveyance from one Sophia Hutto, the mother of the complainant in this cause, that at the time of the execution and delivery of the said deed and the placing of the defendant's predecessor in title in the actual possession, the said Mrs. Hutto was living upon the premises; that her husband Samuel M. Hutto had been absent from his family and the State for a long period; that immediately upon acquiring the deed and being so let into possession they commenced to turpentine the lands and used the same for turpentine purposes, and that they maintained a continuous exercise of ownership over the land ever since that time. The complainant, it appears, obtained a deed from both Samuel M. Hutto and his former wife Sophia Hutto in October, 1923, this suit being commenced in November, 1923.

There was evidence before the master that the defendants did so enter into possession as claimed in the answer,

and that it and its immediate predecessor and grantor in title so used, occupied and claimed the land continuously from the date of acquiring deed in 1903. True it is that some of the evidence or testimony offered by the defendants were in the nature of conclusions on the part of the witnesses, but in no instance was such conclusion in any manner impeached by cross-examination, or objected to for that reason.

According to the allegations of the complainant's bill the land was wild and unoccupied at the time she obtained the deed from her father and mother in October, 1923. Evidently the complainant well knew the defendant claimed to own the land, since upon cross-examination her own witnesses stated that it was generally and notoriously known in the community that they so claimed to own it, and that the defendant and its grantor had so claimed the property for more than twenty years. Certainly she knew that neither her father or mother (her grantors) were in possession of the premises, and she knew that in fact they had both utterly abandoned all claim of title, her mother selling to the defendant's grantor and delivering possession, her father having left his family and the State, and gone to the State of Alabama, where he had raised another family. The chancellor, who by reason of his acquaintance with the litigants and the conditions was in best situation to determine the weight of the evidence in the cause, must have been impressed that the obtaining by the complainant of the deed under such conditions was with a view to speculation only, and the chancellor having considered and determined the facts in the case, there is no call here to depart from the rule already announced so often by this Court.

The petition for rehearing is denied.

PER CURIAM.—The record in this cause having been considered by this Court, and the foregoing opinion prepared under Chapter 7837, Acts of 1919, adopted by the Court as its opinion, ti is considered, ordered and adjudged by the Court that the petition for rehearing in this cause be, and the same is hereby, denied.

All concur.

### Decision Filed December 10, 1926.

