E. B. GOULD, Individually and as Trustee, and his wife, EMELIE L. GOULD, *Appellant,* v. J. A. BARTHLE, *Appellee.*

Division A.

Opinion filed July 30, 1929.

234

*E. B. Drumwright,* for Appellants;

*H. S. Phillips* and *Robt. B. Sturkie,* for Appellee.

ELLIS, J.—An appeal was taken in this case from a decree in a suit to foreclose a mortgage upon certain real property located in Pasco County. The suit was brought by J. A. Barthle against E. B. Gould individually and as trustee, and Emelie Gould, his wife. The decree was in favor of the complainant.

The defense was that after the purchase of the property by Gould from Barthle the former resold it to Barthle for $47,000, who agreed to pay $6,000 cash upon which would be allowed $250 for fertilizer and cultivation by Barthle; that the latter would cancel the debt for $31,000 to secure which Gould had given the mortgage sought to be foreclosed and the remainder of the purchase price in the sum of $10,000 would be secured by a mortgage upon the premises to be given by Barthle to Gould payable in two payments of $5,000 each in one and two years with interest. The answer avers that the proposition to purchase was made by Barthle "under and through his duly authorized agent B. V. Lyons"; that it was in writing and was approved by Barthle with "indorsement thereon claiming an allowance for taxes and for work on the grove done to date" "which said allowance for taxes and for work upon

grove this respondent immediately made and communicated to the said complainant and thereby the same became and was a complete and binding contract for repurchase of said premises by said complainant.''

The case went to trial upon that issue with the result that the chancellor found for the complainant and entered a decree of foreclosure of the mortgage from Gould to Barthle.

The evidence establishes the answer as interposed by Gould. The testimony of Mr. Barthle in substance supports it. He authorized Mr. Lyons to go to Tampa and discuss with Mr. Gould the matter of the repurchase of the property. Although no authority was given to Mr. Lyons to close the transaction, Barthle had discussed with him the proposition to be made to Mr. Gould to which Barthle agreed. Mr. Lyons then brought back a contract in writing embodying the proposition agreed upon. Mr. Barthle examined it and objected to it upon certain grounds which he named and which, according to Mr. Lyons, were specified in writing and signed by Mr. Barthle. The document was then taken away by Lyons who came back to Barthle a short time afterward and told the latter that he had it settled the way Barthle wanted it. Barthle then said he could not go any further with the matter on account of circumstances that had arisen.

There are four copies of the proposition in the record. All consist of a receipt for $250 from J. A. Barthle as a deposit in good faith in the purchase of the lands described and terms of payment and price to be paid. All were made out upon printed forms from the office of Hendry and Knight Company, whose printed name as agents appears at the bottom of each. Upon the back of each is a type written statement describing the land which is also de-

scribed in the body of the instrument and the following words:

"In the purchase of the above described property, I do hereby agree to cancel mortgage given by E. B. Gould, Trustee, to H. A. Barthle, and in return give to E. B. Gould, Trustee, two notes for $5,000.00 each, payable one and two years, secured by a mortgage on the above mentioned tract of land."

All four were dated the 17th of June, A. D. 1926.

One of them contains in addition to the indorsement appearing on the others the following:

"Contract does not provide for your part of 1925 taxes, taxes 1926 to date 8% on 31,000.00 to date of closing deal and work done on grove to date, less rent I owe on negro shanties & barn J. A. Barthle."

This last copy was approved by Gould on July 17, 1926. The other three were approved June 17, 1926, by him.

It is undisputed that Lyons carried to Gould the complainant's proposition to repurchase the land; that the proposition was accepted by Gould on June 17th; that it was taken by Lyons back to Barthle who made some minor objection to it and noted the same upon the back of the instrument and signed it. After that it was again taken by Lyons to Gould who immediately accepted it with the amendment proposed by Barthle and then Lyons returned with it to Barthle who declined to go on with the transaction.

There is some uncertainty in the testimony as to whether Gould's last approval made on July 17th was made before or after Barthle made the indorsement over his signature upon the back of the instrument. But that would be im-

material as in either case it would show a meeting of the minds of the parties. If it was made afterwards the question might be presented if it was done within a reasonable time after Barthle's proposition was made. The change suggested by Barthle, if indeed it constituted a new proposition by him, and the acceptance by Gould occurred within the space of thirty days during which time Barthle did not recall his offer nor notify Gould nor Lyons that he had withdrawn it. Not until Lyons returned to him with the contract accepted by Gould and the statement by Lyons that it was fixed up as Barthle wanted it did the latter attempt to recall the proposition.

These facts we think support the defendant's answer. The propositions of law applicable to such a state of facts are elementary. See Clark on Contracts, p. 1, 30; 9 Cyc. 245, 280; Tucker v. Gray, 82 Fla. 351, 90 So. R. 158.

The contract of repurchase set up by Gould in his answer was a sufficient equitable defense to the foreclosure proceedings.

We are mindful of the rule that the findings of the chancellor on the testimony taken before an examiner will not be given the same effect as the verdict of a jury, but the chancellor's conclusions solely on facts will not be reversed unless it clearly appears that he has erred in such conclusions. See Waterman v. Higgins, 28 Fla. 660, 10 So. R. 97; Theisen v. Whidden, 60 Fla. 372, 53 So. R. 642; Bank of Jasper v. Tuten, 62 Fla. 423, 57 So. R. 238; Gove v. Nautilus Hotel Co., 68 Fla. 490, 67 So. R. 112; Farrell v. Forest Inv. Co., 73 Fla. 191, 74 So R. 216; Davidson v. Collier, 75 Fla. 783, 78 So. R. 983.

It seems to us that the evidence in this case did not warrant the chancellor's findings. Because the facts are practically undisputed that Barthle authorized Lyons to negotiate with Gould for the repurchase of the property al-

238

though he did not then authorize him to close a trade for it; that Lyons submitted a proposition to Gould who accepted it; that when it was taken back to Barthle he ratified it in all respects but made a suggestion as to some slight alteration and indorsed his approval and suggestions in writing upon the back of the document. This amended proposition, if indeed it may be so called, was accepted by Gould within a reasonable time and before any notice of Barthle's purpose to recall it. In fact he did not recall it but when it was brought to him as a completed contract he then declared that on account of circumstances that had arisen he could not go on with it.

The decree of the chancellor is reversed with instructions to enter a decree in accordance with this opinion.

TERRELL, C. J., AND BROWN, J., concur.

WHITFIELD, P. J., AND STRUM AND BUFORD, J. J., concur in the opinion and judgment.