MARTHA M. HARP, *Appellant,* v. STELLA B. McRAE, et al., *Appellees.*

Division B.

Opinion filed July 3, 1930.

Petition for rehearing denied July 28, 1930.

W. W. *Whitehurst,* for Appellant;

L. C. *Farr* and *Leitner & Leitner,* for Appellees.

BUFORD, J.—On July 31st, 1925, L. F. Stevens and J. E. McRae became indebted to Martha M. Harp in the sum of Nine Thousand ($9,000) Dollars as a part of the purchase price of certain lands in Hardee County and on that date they executed three promissory notes numbered 1, 2, and 3 in favor of Martha M. Harp, note No. 1 being in the sum of $2,250.00 and payable six months after date, note No. 2 being in the sum of $2,250.00 payable twelve months after date and note No. 3 being in the sum of $4,500.00 payable two years after date, each of said notes bearing interest at 6 per cent.

The notes were secured by mortgage deed which was executed by Stevens and his wife and McRae and his wife. Thereafter Mrs. Harp assigned to the Virginia-Carolina Chemical Company the mortgage with notes Nos. 1 and 2 and retained note No. 3. It was alleged by the complainant and admitted by the defendants that No. 1 was paid to the Virginia-Carolina Chemical Company. The bill alleged that Note No. 2 was also paid to the Virginia-Carolina Chemical Company. The bill alleges that the complainant, appellant here, is the owner and holder of the unpaid note, the other two notes having been paid and discharged by the defendant, McRae, and prayed for foreclosure of the mortgage.

Stella B. McRae, wife of J. E. McRae, filed an answer in which she alleged that she purchased from the Virginia-

Carolina Chemical Company the note No. 2 and alleges that she is the owner of that note as well as a *pro tanto* assignment of the mortgage to her and that this note and assignment of mortgage in her hands is a lien prior in dignity to that of the complainant and she prayed that the mortgage be foreclosed as to note No. 2 and that she be decreed to have a lien prior to the complainant.

Replication was filed by the complainant. It alleged that the consideration for the transfer of the assignment of the note and mortgage *pro tanto* to Stella B. McRae was paid by J. E. McRae, her husband, a party primarily liable for the payment of the note assigned, and that the note is not valid and enforceable in the hands of the said Stella B. McRae because the same became discharged by the payment of the consideration for the transfer thereof by the defendant, J. E. McRae, a party primarily liable, and further alleged that the pretended transfer of the note and mortgage *pro tanto* was induced by the defendant, J. E. McRae, for the purpose of making it appear that Stella B. McRae had a valid lien thereon and that the same was done fraudulently and for the purpose of placing the defendant, Stella B. McRae, in position to recover in event of a foreclosure, money which had been paid by her husband in payment of the note given as a part of the purchase price for the property.

Testimony was taken and final decree was entered on the 27th of September, 1929, in which the equities were decreed to be with the complainant and, amongst other things, the chancellor in his decree found and determined:

"The court further finds that, thereafter, the defendant J. E. McRae paid the first maturing note in the sum of $2,250.00 to the Virginia-Carolina Chemical Company, and that, thereafter, the defendant, Stella B. McRae, purported to purchase the second maturing

note in the sum of $2,250.00 from the Virginia-Carolina Chemical Company and took an assignment of the same to her, and that she has filed an answer in this cause setting up her claim to priority over the lien of the complainant under the mortgage sought to be foreclosed by reason of such purpose and assignment, but the court finds that in the purchase of the said note, the said Stella B. McRae used moneys and property belonging to the defendant, J. E. McRae, which was furnished by him for that purpose and that the attempted purchase and assignment was procured by the said J. E. McRae through his wife; and that the consideration amounted to a payment of the said note and discharged the same in the hands of the Virginia-Carolina Chemical Company; and that the defendant, Stella B. McRae, has no interest in the mortgage sought to be foreclosed. That the complainant's lien under the said mortgage is prior to the right, title, interest or claim of the defendants, or either of them, and that there is no other indebtedness secured by the said mortgage, save and except the note in the sum of $4,500.00 in favor of the complainant; and the court finds that the complainant is entitled to the foreclosure of this mortgage as against all of the defendants in this cause.''

Thereafter, what is termed a motion for rehearing was filed and, upon consideration of the cause, the chancellor reversed the original decree and held, amongst other things, the following:

"That the bill of complaint is not wholly sustained but finds that the complainant is the owner of note number three (3) mentioned in her said bill and that the said note is a lien on the property in the bill de-

scribed and that she is entitled to have her said mortgage foreclosed.

"That the defendant, Stella B. McRae, is the owner of note numbered 2 of the said series mentioned in said bill and that the amount of this note is a prior lien to that of the complainant on the property in the bill described, and that she is entitled to have her mortgage foreclosed.

"That after the execution of the said mortgage the joint maker of the said notes and mortgage, to-wit: L. F. Stephens and his wife, Ethel E. Stephens, conveyed their interest in the said property in the bill described to J. E. McRae, and the said L. F. Stephens and wife, Ethel E. Stephens, are not necessarily parties to this bill."

We are not unmindful of the rule that in equity as at law all presumptions favor the ruling of the trial court. Shad v. Smith, 74 Fla. 324, 76 So. R. 897; and also that other rule so often stated by this Court: "The finding of the chancellor on the testimony taken before an examiner will not be given the same effect as the verdict of the jury but the chancellor's conclusion solely on facts will not be reversed unless it clearly appears that he has erred in such conclusion." Grove v. Nautilus Hotel Co., 68 Fla. 490, 67 So. R. 112; Powell v. Powell, 77 Fla. 181, 81 So. R. 105, and cases there cited.

These rules, however, can not be said to apply so strongly to this case because in this case the chancellor has upon the record decided the salient point in the case one way and has later, upon presentation of a motion for rehearing, decided it on the same record the other way.

We think that the chancellor's first decree was correct. The evidence clearly and conclusively supports the allegations of the bill and the replication. The record shows

that the purchase of the note numbered 2 from Virginia-Carolina Chemical Company by McRae purporting to act as agent for his wife, was a fraud and a subterfuge designed and carried through by McRae for no other purpose than to attempt to recover a part of the purchase price of the lands which he was obligated to pay and a court of equity should not lend its assistance to a successful result of such unconscionable practice.

For the reasons stated, the order granting a rehearing and the final decree dated December 12th, 1929, should be reversed with directions that the decree dated the 27th of September, 1929, stand as the final decree in this cause. It is so ordered.

Reversed and remanded.

WHITFIELD, P. J., AND STRUM, J., concur.

TERRELL, C. J., AND ELLIS AND BROWN, J. J., concur in the opinion and judgment.