CORNELL v. GREEN et al.

(Circuit Court, N. D. Illinois.   July 14, 1890.)

1. JUDGMENT—EFFECT—PARTIES.
Where a bill for foreclosure makes a certain person defendant as executor and as guardian, and the return to the process shows that he was served as executor and guardian, and the bill states that he has an individual interest in the mortgaged land, a decree of foreclosure binds him as well in his individual as in his representative capacity.

2. EQUITY PLEADING—DEMURRER.
Where a bill to redeem from a mortgage which has been foreclosed alleges that the complainant was not a party to the foreclosure suit, and makes the pleadings and record in that suit a part of the bill, from which record it appears that said complainant was a party defendant to the foreclosure suit, the allegation that he was not a party, being an averment of a mere legal conclusion, is not admitted by a demurrer.

In Equity.   On demurrer to bill.
*Armstrong, Reed & Dyche,* for complainant.
*Bisbee, Ahrens & Decker,* for defendants.

BLODGETT, J.   The defendants have interposed a general demurrer to the bill filed in this case, which has been argued and submitted.   The bill charges, in substance, that in 1871 George W. Gage was the owner of divers lots and parcels of land in the city of Chicago and vicinity, upon which he made a trust-deed to secure the payment of his notes to the amount of $50,000; and that in 1873 he made another trust-deed upon the same property, to secure the payment of notes to the amount $100,000, making a total incumbrance upon the property of $150,000 and accruing interest; that in December, 1874, after the making and recording of the aforementioned trust-deeds, Gage made a deed in fee-simple of the same lands to William F. Tucker, which was duly recorded in the office of the recorder of Cook county; that George W. Gage died in September, 1875, after the execution and recording of said deed to Tucker; and that Tucker died about September, 1887, leaving him surviving a widow and two children as his heirs at law, and that since the 25th day of January, 1890, those two children and heirs of Tucker have conveyed all their right, title, and interest in the said property to the complainant.   The bill further charges that in November, 1875, the defendant Mrs. Green, having become the owner and holder of the notes secured by said two trust-deeds, filed in this court a bill to foreclose the same; that such proceedings were had in said case as that a decree of foreclosure was entered, finding that there was due to the complainant Mrs. Green the sum of $186,566; and that on the 2d day of January, 1877, all the said lots and parcels of land were sold under said decree, and Mrs. Green became the purchaser thereof, which sale was duly confirmed, and a deed made to the purchaser by the master in chancery of this court.   The bill further alleges that William F. Tucker was the owner of record of all the said lots and parcels of land at the time of the foreclosure proceedings, and so remained up to the time of his death;

that he was not made a party defendant to the foreclosure proceedings, nor ever in court, nor subject to the orders, decrees, or judgment of this court, and avers that the foreclosure decree is not binding on him, nor on his heirs, nor on the complainant, as a grantee of his heirs.    Complainant then asks that an accounting be had of the rents and profits of the property since the conveyance thereof to the defendant Mrs. Green and others, and offers to pay whatever shall be found to be due upon the said trust-deeds after deducting rents and profits received by Mrs. Green, and prays that he be allowed to redeem said premises on the payment of whatever is so found due.    The bill refers to the orders, decrees, and files in the foreclosure proceedings for more specific statements and details in regard to what was done in that suit, and makes the same a part of the bill.    An examination of the bill in the foreclosure case shows that the introductory clause of said bill was as follows:

"Your oratrix, Hetty H. R. Green, who is a resident of Bellows Falls, in the state of Vermont, and citizen of said last-named state, brings this her bill of complaint against Sarah H. Gage, a resident of the city of Chicago, Ill., a citizen of the state of Illinois, and the widow of the late George W. Gage of Chicago, deceased, and executrix of his last will and testament, Eva Gage, Mary B. Gage, Carrie E. S. Gage, Alice Gage, George W. Gage, Jr., and David A. Gage, children of the said George W. Gage, deceased, each of said children being now residents of the city of Chicago, and citizens of the state of Illinois, the said two last-named children, George W. Gage, Jr., and David A. Gage, being minors, William F. Tucker, Joseph K. Barry, and John W. Clapp, all of whom are residents of the county of Cook, state of Illinois, and citizens of said last-named state, and guardians of said minor children; the said William F. Tucker being also one of the executors of the last will and testament of said George W. Gage, deceased."

And in another part of the bill the complainant states as follows:

"Your oratrix further shows that the said George W. Gage, the maker of said notes, heretofore, to-wit, on the 24th day of September, 1875, at Chicago aforesaid; departed this life, leaving him surviving the said Sarah H. Gage, his widow, and the said Eva Gage, Mary B. Gage, Carrie E. S. Gage, Alice Gage, George W. Gage, Jr., David A. Gage, his only children, the last two named being minors; and leaving a last will and testament, in and by which he appointed the said William F. Tucker, Lewis L. Coburn, and his said widow executors and executrix, and devised to them, upon certain conditions therein named, all his real estate, having before that time, as appears by the records in said recorder's office, by deed executed by himself and wife, dated December 18, 1874, and recorded in said recorder's office, December 19, 1874, for the consideration, as expressed in said deed, of $24,000, conveyed to said Tucker all said premises herein described, subject to said incumbrances.  Your oratrix further shows that said above-named parties against whom this bill of complaint is brought have, or claim to have, some interest in said premises described in said trust-deeds by mortgage, judgment, conveyance, or otherwise; but your oratrix states those interests, whatever they are, are subject to the rights of your oratrix under her securities before mentioned, and cannot be set up against the same, nor in any way interfere therewith."

And the prayer for process was that the process of the court might issue, "directed to the said Sarah H. Gage and the other defendants hereinbefore named," etc.    The summons was issued in the case, and ran

against Sarah H. Gage, widow, and the children of the said George W. Gage, (naming them,) William F. Tucker, Joseph K. Barry, John W. Clapp, guardians, etc., "William F. Tucker, executor," etc., and the return of the marshal was that he had served the writ by personally delivering a true and correct copy thereof to each of the defendants named, including the name of William F. Tucker, guardian, and William F. Tucker, executor, on the 8th day of December, 1875. This summons was returnable on the first Monday in January, 1876. On the 5th day of April, 1876, (the first Monday of April having been on the 3d day of said month,) a default was entered, in said cause, the record entry of which recited: *First,* service upon some of the defendants and appearances by them, and then proceeds:

" And it appearing that due and legal personal service has been had upon all the other remaining defendants in this cause, by service of subpœna in this cause upon them respectively, and that each and all the defendants in this cause are now legally before this court, and subject to its jurisdiction, and that neither of said defendants have pleaded, answered, or demurred therein, excepting the following named defendants, [naming them,] not including Tucker in any capacity."

The order was in the following words:

"On motion of complainant's solicitor it is ordered that each and all of said defendants who have not pleaded, answered, or demurred, as aforesaid, namely, [then naming the widow and children of George W. Gage, William F. Tucker, and others,] do plead, answer, or demur to the bill of complaint in this cause *instanter;* and said last-named defendants, having each been three times called so to do, come not, but make default; and it is hereby ordered, adjudged, and decreed that as to each of said defendants last named and so making default as aforesaid said bill of complaint and the matters and things therein contained be taken as and for confessed."

It will be seen from these quotations from the record that, while the bill in this case avers that Tucker was not made a party, and not brought before the court, it does appear that he was made a party distinctly in his representative capacity as executor and guardian, and that the bill also clearly and distinctly charged that the conveyance was made to him by Gage in December, 1874, whereby he became the owner of the premises in question, subject to the trust-deeds. The bill averring, therefore, a mere legal conclusion as to Tucker's not being a party, that averment is not admitted by the demurrer, unless facts and circumstances set forth are sufficient to sustain the allegation. *Gould* v. *Railroad Co.,* 91 U. S. 526. There can be no doubt that Tucker was before the court in his representative capacities, and that the bill also contained sufficient averments to put him upon answer as to his individual interest in the subject-matter of the controversy. In *Brasher* v. *Van Cortlandt,* 2 Johns. Ch. 242, the bill was against a committee of a lunatic. The subpœna was issued by the clerk of the court, but he omitted the addition of the plaintiffs as executors and of the defendants as a committee, believing those additions unnecessary in the process. A default was taken against the defendants as committee, and a decree entered against them as such. Upon an application to set aside the default and decree upon the ground

that they were not served as a committee, the court held that the defendants were too late for this objection, and that the process was sufficiently applicable to that bill. And in *Walton's Ex'r v. Herbert*, 4 N. J. Eq. 73, the bill was filed against James Herbert, surviving executor of James Herbert, deceased. The prayer was for process against said James Herbert. The subpœna issued against James Herbert generally, without stating his official character, or stating the character in which he was sued. On a demurrer to the bill the court said:

"It is by inspecting the bill that the defendant ascertains the nature of the charge against him. The subpœna only gives him notice that there is a bill filed against him, and, if he be properly charged in the bill as executor or devisee, or in any other capacity, it is not a good objection that the subpœna is issued against him generally."

Upon the principle asserted in this case it seems quite clear to me that Tucker, having been served with process in his representative capacity, was chargeable with notice of the entire contents of the bill so far as it affected him in his representative or his individual capacity, and that it does not lie in his mouth to say that he was not properly before the court. When Mr. Tucker was summoned into court as executor and guardian he was chargeable with notice of the entire contents and scope of the bill, both as it affected his representative and his individual capacity. He certainly must be conclusively presumed to have known that a bill was pending to foreclose those two trust-deeds upon the property, which he had acquired by the deed from Gage in December, 1874, and that he had himself individually acquired title to these lands by a deed from Gage, subsequent to the making of those trust-deeds. I am therefore clear that Tucker was sufficiently made a party before the court, to bind him in his individual as well as his representative capacity.

The record entry of the default also recites that all the parties defaulting, among whom were Tucker, had been duly served with process, and as there was ample time between the issue and return of the summons served on Tucker in his representative capacity and the time default was taken at the April term, 1876, for the issue of an *alias* or *plures* summons upon Tucker individually, the court will, I think, presume such service was obtained as is recited in the order of the court. *Robinson v. Fair*, 128 U. S. 53, (page 87,) 9 Sup. Ct. Rep. 30; *Sargeant v. Bank*, 12 How. 371; *Mulvey v. Gibbons*, 87 Ill. 367. It may also, I think, be urged with great force that this bill should not be sustained on the ground of the laches of the complainant. Tucker had acquired his title before the foreclosure proceedings. The foreclosure proceedings were completed on the 2d of January, 1877. Tucker lived until September, 1887,—nearly 10 years,—and there is no allegation or statement in the bill that he or his heirs at law were then laboring under any disability. This suit was not commenced until April, 1890, so that there has been a period of over 13 years since the commencement of the foreclosure proceedings, and the vesting of the absolute title to this property in the complainant, and yet no attempt is made to explain this long de-

lay, or to give any reason why the complainant, or those under whom the complainant claims, have not instituted proceedings at an earlier day, and it has been held by the supreme court of the United States that laches may be availed of as a defense on demurrer. *Landsdale* v. *Smith*, 106 U. S. 391, 1 Sup. Ct. Rep. 350; *Speidel* v. *Henrici*, 120 U. S. 377, 7 Sup. Ct. Rep. 610; *Richards* v. *Mackall*, 124 U. S. 183, 8 Sup. Ct. Rep. 437. In the latter case, a bill to set aside a marshal's deed nearly 12 years after the sale was held to be too late, and the laches was held sufficient on demurrer. I choose, however, to place my decision in the case upon the ground that Tucker was sufficiently before the court in the foreclosure proceedings to be bound by the decree of sale there made, and that those claiming under him cannot now complain that he was not specifically served with process in his individual capacity. The demurrer is sustained, and the bill dismissed for want of equity.