## SPARKS *v.* ETHEREDGE, surviving partner.

The claimant, when asserting his title as head of a family to the premises as a homestead, which homestead was set apart after the levy and after an adjudication upon an affidavit of illegality filed by the claimant as defendant in execution, is bound by that adjudication in his character as claimant as well as in that of defendant in execution. The question of payment having been adjudicated against him on the affidavit of illegality, he is estopped from litigating the same question as claimant by having the premises set apart as a homestead whilst they were under levy. His homestead title was taken subject to what had been adjudicated on the validity of the levy and of the execution by virtue of which the levy was made. *Barfield* v. *Jefferson,* 84 *Ga.* 609, and cases cited.     *Judgment affirmed.*

August 1, 1892.

Claim. Homestead. Estoppel. Before Judge Martin. Harris superior court. October term, 1891.

Execution against Sparks was levied, and he interposed his affidavit of illegality upon which issue was joined; and a verdict against the affidavit of illegality was rendered, and judgment was entered ordering the execution to proceed, at the April term, 1888. See the facts reported in 82 *Ga.* 294. After that decision Sparks had set apart to himself as the head of a family a homestead in certain property; and the execution having been levied thereon, he interposed his claim as head of a family under and by virtue of the homestead. At the trial appeared in evidence the promissory notes signed by Sparks, upon which was based the judgment from which the execution issued. These notes contain a waiver of homestead and exemption. The property was found subject. The assignments of error are:

1. In admitting in evidence the record in the illegality case, over objection that it was between other parties and in another case, and could not bind the parties in this case.

2. In charging the jury that the claimant as head of a family was bound by the verdict in the illegality case, and could not take advantage in the claim case more than he could in his individual capacity.

Thornton & McMichael and H. C. Cameron, for plaintiff in error.

Goetchius & Chappell, *contra.*