BROWN v. HOWARD et al.

(Circuit Court, S. D. Iowa, C. D.    February 27, 1899.)

JUDGMENTS—PERSONS CONCLUDED—PARTIES.

Where, in a suit against one as administratrix, her individual rights in the subject of the action were directly involved, and she, residing beyond the seas, executed a power of attorney to other defendants to represent her individually, and she was represented by counsel, who had previously represented her personally, and who assumed to represent her individually as well as administratrix, in the case which was prosecuted to the United States supreme court on the theory that she was personally a party, she cannot claim that she is not individually bound by the decree.

N. T. Guernsey, for complainant.
Henry S. Robbins, for defendant Howard.

WOOLSON, District Judge.  Owing to an illness of some weeks, and an accumulation of official work meanwhile, I may not attempt a statement in detail of the issues herein, and the reasons impelling me to the conclusion reached.  Should I soon find time and opportunity to give at length such reasons, I will so state them.  The decree sought herein to be vacated was entered in Equity 2,285, entitled "J. H. Walker, William B. Howard, and Others against Anna L. Brown and Others, as Administratrix, etc."  A decree was entered in this court on October 20, 1893.  The decision of this court leading to such decree is found in 58 Fed. 23.  An appeal was taken by defendants therein to the United States circuit court of appeals for the Eighth circuit, wherein said decree entered in this court, as aforesaid, in October, 1893, was affirmed.  The decision of said circuit court of appeals leading to such affirmance is found in 11 C. C. A. 135, 63 Fed. 204.  Thereafter defendants applied to the supreme court of the United States for a writ of certiorari, which said writ was duly issued, and thereafter said supreme court reversed the said action taken by said circuit court of appeals and this court, the opinion of said supreme court being found in 165 U. S. 654, 17 Sup. Ct. 453.  Following closely upon the filing in this court of the mandate from said supreme court, to wit, on June 22, 1897, defendant Anna L. Brown applied for leave to amend her answer theretofore filed in said suit, which leave was denied, and thereupon judgment and decree was entered on said mandate against said Anna L. Brown, whereupon said Anna L. Brown filed her petition in the pending suit, and was granted temporary injunction against enforcing said judgment and decree pending this suit.

The decisive question herein is as to whether said Anna L. Brown, in her individual right, was, in law, a party to said suit, Equity 2,285, so that she is bound by the decree therein.  Upon careful consideration of the matter, I have arrived at the conclusion that this question must be solved in the affirmative.  Without attempting to state all the reasons impelling me to this conclusion, the following may be stated:

1. She was represented therein as administratrix by highly reputable members of the bar of this court, whose authority to represent her is proven beyond question.  The member, since deceased, of said firm, who personally had charge of this matter for her, is shown to have also represented her in her own right in various other legal proceedings and matters about the same time.  That on the face of the pleadings she is such a party in her individual right, there can be no question.  That the opposite party in good faith accepted the appearance of counsel as her legal appearance is unquestioned, as well as that counsel who so appeared for her thus appeared in good faith, believing he was authorized so to do.

2. Mrs. Brown left the United States, and took up her residence in Europe, about the date of the commencement of said suit, and was continuously beyond the seas until final decree in said suit had been entered in accordance with the mandate of the supreme court.  Upon September 19, 1892 (and previous to the said appearance of counsel for her personally), Mrs. Brown executed a power of attorney in favor

of E. L. Marsh and Willis S. Brown (who were her co-defendants in said suit). This instrument is apparently as broad and comprehensive in its terms as it could possibly be made. One clause empowers her said attorneys in fact "to appear or to authorize any attorney to appear for me in any proceeding which may be instituted against me, or to which I may be made a party, in respect to my interest in said estate, or in respect to any property which I may receive therefrom, or which I may own, whether real or personal, situated, located, or being in the state of Iowa; and to appear in any and all such proceedings hereinbefore named, or other proceedings to which I may be made a party, in which it is proper that I should appear as a party, without service of process upon me; they being hereby authorized to appear for me in all such proceedings, whether instituted by them in my name or whether I am made a party thereto, in any form, or in which they may deem it necessary that I should be a party." The evidence shows said Marsh and said W. S. Brown were present when said amendment was made and said counsel appeared for Mrs. Brown in her own right, were present at the trial in this court, wherein one of the material issues discussed was as to the right of plaintiffs or of Mrs. Brown in her own right to the bonds involved, read the briefs, etc., printed and used on appeal to circuit court of appeals wherein the suit was, among others, entitled against Mrs. Brown in her own right, and that issue—right to bonds and proceeds —as between plaintiffs and Mrs. Brown in her own right was the material issue involved and discussed. The same is true as to petition for certiorari, briefs, etc., before the supreme court of the United States. So that the authorized attorneys in fact of Mrs. Brown were cognizant, during the entire progress of the case, from the time plaintiffs amended and made her a party in her own right, that the counsel managing the case for defendants were assuming to represent her in her own right, and that plaintiffs were in good faith relying thereon as being an authorized representation.

3. In June, 1897, preceding by some months the entry of decree now sought to be vacated, counsel who had been representing Mrs. Brown during the later progress of the case presented an application on behalf of Mrs. Brown for an order permitting her to file in this cause an amendment to her answer herein. This application is sworn to by said E. L. Marsh. This application, amendment sought to be filed, and affidavit all proceed on the theory that Mrs. Brown is already and regularly in this suit in her own right. It is true that the evidence shows that neither Marsh nor Brown had authorized, or knew that Mrs. Brown had not personally authorized, Mr. Kauffman to appear for her, and that they, as well as her counsel, up to the time of entry of final decree, were apparently acting in perfect good faith. But it is also true that, if counsel had no authority to appear for Mrs. Brown individually, the trials in this court, in the circuit court of appeals, and in the supreme court worked great injustice to the plaintiffs, who, in complete good faith, were relying on such authority having been conferred as fully as the same was assumed and exercised by counsel. With the broad and comprehensive terms of the letter of attorney, above partially quoted, with their attorneys in fact actively taking

part in, and being fully informed of, the progress of the suit through the different courts, and that Mrs. Brown in her individual right was regarded by all persons immediately engaged therein as duly and fully represented by counsel, and especially the regularly presented application for leave to amend, based on the affidavit of Mr. Marsh, it seems in no wise unjust to Mrs. Brown to hold that she was in law a party to said suit, and is bound by final decree therein. To hold the contrary seems gross injustice to plaintiffs in the original action, whose reliance, in good faith, on the assumed, as being the duly-authorized, appearance for Mrs. Brown, is unquestioned. And further, Mr. Kauffman, the counsel representing Mrs. Brown on the trial in this court of the original action, is now dead. If he was assuming to represent Mrs. Brown, and knew he had no authority so to do, he would have been guilty of grossly unprofessional conduct. But counsel on either side in the argument of the pending suit heartily and in most positive terms exonerated the late counsel from any such imputation. To the court, who had so well and so long known such counsel, and who could most warmly indorse the high tributes which counsel on either side in argument herein paid to his personal and professional ability and integrity, the mere suggestion of conduct on his part inconsistent with the highest character for uprightness personally or professionally could not for a moment be entertained. We do not have his explanation as to how and whence he obtained, or believed he had obtained, the authority he exercised to appear for Mrs. Brown. Under the circumstances, the evidence ought to be clear and convincing before the decree is set aside. But no injustice is done to Mrs. Brown. Through her attorneys in fact, who were fully cognizant that her personal, individual rights as to said bonds were involved, she has had opportunity to present her full defense, and able counsel attempted so to present it. That which she now asks to present as a defense to the original claim was then in existence, and known to her attorneys in fact, as well as, apparently, to her counsel. Had the record herein shown personal service of subpoena on her as to her individual matters, her opportunities to present such defense would not have been larger than was the case on such trial. If counsel, employed, as she concedes, to represent her in her capacity as administratrix, erred, and went beyond the terms of his employment, and represented her individually, the loss resulting therefrom ought to fall on her, rather than on plaintiffs in such action, who are in no manner chargeable with complicity therewith.

I will not suggest further. The conclusion is that the equities of the case are with defendants, and that the bill must be dismissed, injunction dissolved, etc.