LAURA C. ROXTON, *et al.*, v. JOHN N. ARMSTRONG.
155 So. 755.
Opinion Filed June 20, 1934.

G. P. Garrett, for Appellants;

Thomas N. Tappy, for Appellee.

DAVIS, C. J.—The assignee of a mortgage offered orally to extend the time of payment fixed by a note and mortgage and the mortgagor accepted, relied upon and acted according to the oral offer, a part of which contemplated that the extension should not become binding unless reduced to writing. So no writing was ever entered into extending the time for payment of the note and mortgage and as a result, the assignee of the mortgagee brought this suit and obtained a decree against a defense interposed by answer setting up the oral extension agreement.

The finding of the Chancellor awarding a foreclosure decree was necessarily to the effect that there never was any binding agreement for extension founded upon a valuable consideration, entered into between the mortgagor and the assignee of the mortgage, although there may have been tentative negotiations and an oral understanding between the parties. The present controversy appears to have been decided under the rule that where parties intend that their oral agreements shall be reduced to writing, as the evidence of their terms of agreement, there is nothing binding on them until the writing is executed. Ocala Cooperage Co. v. Florida Cooperage Co., 59 Fla. 390, 52 Sou. Rep. 13. There is substantial evidence to support a decision on the

theory that an oral agreement for extension was to be re-duced to writing or that it would be ineffective.

We find no error in the procedural points raised and af-firm the decree on the merits as being controlled by the oft stated rule that a Chancellor's decree on the facts will not be reversed unless clearly wrong.

Affirmed.

WHITFIELD, TERRELL, BROWN and BUFORD, J. J., concur.